**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lauren Dennis, ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT AND TRIAL BY JURY** |
| ) | **DEMAND** |
| vs. ) | |
| ) | |
| Pioneer Credit Recovery, Inc., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Lauren Dennis ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Chandler.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Pioneer Credit Recovery, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant overshadowed the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including threatening immediate garnishment during the initial 30-day dispute period and before the 1692g(a) disclosures had been provided to Plaintiff.

12. During the initial contact of any kind between Plaintiff and Defendant, which consisted of a telephone call from Defendant to Plaintiff, Defendant threatened that Defendant had everything in place to garnish 15% of Plaintiffs wages.

13. This was not true as Defendant is required by law to do several things that were not completed on the day of the threat before a garnishment is authorized, including offering Plaintiff a loan rehabilitation program (§ 1692g(b)).

14. Defendant threatened to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to immediately garnish Plaintiffs wages, where Defendant could not legally take such action and where Defendant did not actually intend to take such action (§ 1692e(5)).

15. Defendant used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including falsely stating to Plaintiff that Defendant is not required to provide any notice prior to submitting a request for garnishment.

16. This (paragraph 15) is an untrue statement, as Defendant is required to serve Plaintiff with a 30-day notice of intent to garnish prior to effecting garnishment (§ 1692e(10)).

17. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

18. Plaintiff repeats and re-alleges each and every allegation contained above.

19. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

# TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 20th day of July, 2010

> By: s/ Marshall Meyers
> Marshall Meyers (020584)
> WEISBERG & MEYERS, LLC
> 5025 North Central Ave., #602
> Phoenix, AZ 85012
> 602 445 9819
> 866 565 1327 facsimile
> mmeyers@AttorneysForConsumers.com
> Attorney for Plaintiff